1
2
3          UNITED STATES DISTRICT COURT
4          NORTHERN DISTRICT OF CALIFORNIA
5

6   UNITED STATES OF AMERICA,
7                    Plaintiff,                    Case No.    CR-13-00383-PJH-1

8          v.                                      **ORDER DENYING DEFENDANT'S
                                                   MOTION TO REDUCE SENTENCE;
9   MIGUEL ANGEL NUNEZ,                            ADDRESSING INQUIRY AND
                                                   DENYING REQUEST FOR
10                   Defendant.                    APPOINTMENT OF COUNSEL**

11                                                 Re: Docket Nos. 163, 166

12

13          Before the court is the motion of defendant Miguel Angel Nunez, appearing *pro se*,

14   to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).  Doc. No. 163.  Defendant

15   seeks a reduction to his sentence pursuant to Amendment 782, which revised the Drug

16   Quantity Table under the Sentencing Guidelines, effective November 1, 2014.  For the

17   reasons set forth below, defendant's motion to reduce sentence is DENIED.

18          The court further responds to defendant's inquiry about Amendment 794 to the

19   minor role guideline and DENIES defendant's request for appointment of counsel.  Doc.

20   No. 166.

21                                **BACKGROUND**

22          On June 13, 2013, a federal grand jury returned an indictment charging defendant

23   with possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1)

24   and (b)(1)(B)(ii).  Doc. No. 12.  On October 3, 2013, a superseding indictment charged

25   defendant with: (Count One) conspiracy to possess with intent to distribute and to

26   distribute cocaine, in violation of 21 U.S.C. § 846; (Count Two) possession with intent to

27   distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii); (Count Three)

28   conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21

United States District Court
Northern District of California

1  U.S.C. § 846; and (Count Four) possession with intent to distribute cocaine, in violation of

2  21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii).  Doc. No. 31.

3         On March 12, 2014, defendant pled guilty to Counts Two and Three of the

4  superseding indictment pursuant to a plea agreement.  Doc. No. 65.  Counts One and

5  Four were dismissed on the government's motion.  Count Two was subject to a

6  mandatory minimum prison sentence of five years.  Doc. No. 65 at 2.  In the plea

7  agreement, the parties agreed that defendant's offense level under the sentencing

8  guidelines started at base offense level 32.  *Id.* at 5.  After a two-level safety valve

9  reduction for satisfying the requirements of U.S.S.G. § 5C1.2 (Limitation of Applicability of

10  Statutory Minimum Sentences in Certain Cases) and a three-level reduction for

11  acceptance of responsibility, the parties agreed to an adjusted offense level 27.  *Id.* at

12  6.  Based on the adjusted offense level, the parties agreed that a reasonable and

13  appropriate sentence was a term of imprisonment of 60 to 84 months, four years of

14  supervised release, a criminal fine to be determined by the court, and a $200 special

15  assessment.  *Id.* at 6.

16         On May 16, 2014, the Probation Office submitted a Presentence Report ("PSR")

17  which grouped Counts Two and Three as a single group of closely related counts, and

18  determined that defendant's base offense level was 32 based on the amount of cocaine

19  at issue.  PSR (Doc. No. 80) ¶ 27.  Defendant's offense level was decreased by three

20  levels for acceptance of responsibility pursuant to U.S.S.G. section 3E1.1, and by two

21  levels pursuant to the safety valve provision under former U.S.S.G. § 2D1.1(b)(16) for

22  satisfying the criteria set forth in U.S.S.G. section 5C1.2(a)(1)-(5).  *Id.* ¶ 28, 34-

23  35.  Accordingly, the PSR calculated a total offense level of 27, with a criminal history

24  category of I, corresponding to a guidelines range of 70 to 87 months imprisonment.  *Id.*

25  ¶ 67.

26         The court held the sentencing hearing on November 5, 2014.  In its sentencing

27  memorandum, the government conceded that at the time of sentencing, the amendments

28  to the Drug Quantity Tables in the sentencing guidelines would be in effect and that

United States District Court
Northern District of California

defendant's base offense level would be reduced to 30.  Doc. no. 138 at 4.  On

November 7, 2014, the Probation Office submitted an amended PSR applying the

amended guidelines, which became effective November 1, 2014.  Amended PSR (Doc.

No. 143).  As reflected in the amended PSR, defendant's base offense level was reduced

from 32 to 30.  *Id*. ¶ 27.  The three-level reduction for acceptance of responsibility and

two-level reduction safety valve resulted in a total offense level of 25.  *Id*. ¶ 36.

Based on the total offense level of 25 and criminal history category of I, the

amended PSR calculated an amended guidelines range of 57 to 71 months.  *Id*. at

20.  Noting that defendant was delivering five kilograms of cocaine when he was arrested

on April 30, 2013, that he violated a bond of $100,000 on the first offense when he

engaged in a cocaine sale on August 12, 2013, and that he engaged in a one-kilogram

transaction on August 28, 2013, nine days after appearing in court for a bail review

hearing on August 19, 2013, the amended PSR recommended a high-end guidelines

sentence of 71 months imprisonment as to Counts Two and Three to be served

concurrently.  *Id*. at 20-21.  The court notes that the narrative portion of the amended

PSR does not reflect discussion of Amendment 782, but the sentencing recommendation

reflects the guideline range under the amended guidelines and Drug Quantity Table.

In its sentencing memorandum, filed October 29, 2014, the government

acknowledged a guideline range of 57 to 71 months imprisonment.  Doc. No. 138.

However, the government recommended that the court accept the plea agreement signed

by the parties and sentence defendant to 84 months imprisonment.  *Id*.  The government

discussed several factors in support of the upward variance to 84 months imprisonment:

defendant continued to sell drugs while on pretrial release and was arrested for drug

trafficking activity on the date that he was scheduled to appear in court; defendant

involved his family in his criminal activity by bringing his daughter with him to the location

where he sold nine ounces of cocaine and by giving his nephew cocaine and instructions

on where to deliver it; defendant put his family in financial jeopardy by violating the

conditions of pretrial release when both his wife and daughter were sureties on his bond,

United States District Court
Northern District of California

3

which was forfeited; and defendant's ability to secure five kilograms of cocaine, worth $130,000, which demonstrates that he was connected with a large scale drug trafficking operation. *Id.*

On November 5, 2014, the court sentenced defendant to an above-guideline sentence of 84 months imprisonment as to Count Two and 84 months imprisonment as to Count Three, with both terms to run concurrently; four years of supervised release as to Count Two and four years as to Count Three, with both counts to run concurrently; and a special assessment of $200. Doc. No. 144. The court determined that an upward variance from the guideline range was warranted under several 18 U.S.C. § 3553 factors: the nature and circumstances of the offense and the history and characteristics of defendant; to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant. Statement of Reasons § VI.

On February 19, 2016, defendant filed a motion to reduce his sentence pursuant to 18 U.S.C. section 3582(c)(2), in light of Amendment 782. Doc. No. 163. In his motion, defendant claims that he was sentenced to 84 months under the Drug Quantity Table that was in place before Amendment 782 took effect. He argues that pursuant to Amendment 782, his adjusted offense level should be reduced by two levels from 27 to 25, and that the applicable guidelines range is 57 to 71 months. *Id.* at 3. Accordingly, defendant requests a sentence of no more than 67 months. *Id.*

The Probation Office filed a sentence reduction investigation report on March 28, 2016. Doc. No. 164. The Federal Public Defender's Office filed a notice of non-intervention on March 28, 2016. Doc. No. 165.

Defendant subsequently filed a letter inquiring about his eligibility for the "minor role amendment," which the court construes as an inquiry about relief under Amendment 794, which amended the commentary to U.S.S.G. § 3B1.2, and seeking appointment of

counsel.  Doc. No. 166.  The court determines that the matter is suitable for decision without oral argument, and the matter is submitted on the papers.

## LEGAL STANDARD

When imposing a sentence, "the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in 18 U.S.C. § 3553(a)(2).  18 U.S.C. § 3553(a).  Under § 3553(a)(2), the court must consider factors including: the seriousness of the offense, adequate deterrence, public safety, and the need to provide defendant with education or vocational training, medical care, or other correctional treatment.  *Id.*  Under § 3553(a)(4), the law also mandates the court to consider the "kind of sentences available and the sentencing range established for the applicable category of the offense committed by the applicable category of defendant as set forth in the guidelines."  *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).  The guidelines range serves as a starting point and initial benchmark for the case, but it is "only one factor among the section 3553(a) factors that are to be taken into account in arriving at an appropriate sentence."  *Id.*

Under 18 U.S.C. § 3582(c) federal courts generally "may not modify a term of imprisonment once it has been imposed."  Section 3582(c)(2) provides an exception to this rule:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission  pursuant to 28 U.S.C. [section] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*See Dillon v. United States*, 560 U.S. 817, 819 (2010).  The relevant policy statement for § 3582(c)(2) is U.S.S.G. § 1B1.10.  Section 1B1.10 provides that when the "guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) . . . the court may reduce

1   the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)."  U.S.S.G.

2   § 1B1.10(a)(1).  Section 1B1.10(d) lists Amendment 782, authorizing the court to reduce

3   defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2).  *Id.*

4   To apply § 3582(c)(2), the court must follow a two-step inquiry.  *Dillon*, 560 U.S. at

5   827.  "At step one, section 3582(c)(2) requires the court to follow the Commission's

6   instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification

7   and the extent of the reduction authorized."  *Id.*  Section 1B1.10(b)(1) requires the court

8   to begin by "determining the amended guideline range that would have been applicable

9   to the defendant" had the amendment been in effect at the time of sentencing.  *Id.*

10  (internal marks omitted).  "At step two of the inquiry, section 3582(c)(2) instructs a court

11  to consider any applicable section 3553(a) factors and determine whether, in its

12  discretion, the reduction authorized by reference to the policies relevant at step one is

13  warranted in whole or in part under the particular circumstances of the case."  *Dillon,* 560

14  U.S. at 827.

**DISCUSSION**

16  **I.    Amendment 782**

17  In his motion to reduce his sentence, defendant alleges that the court failed to

18  consider Amendment 782 at the time of sentencing.  The Office of the Federal Public

19  Defender in the Northern District of California reviewed defendant's motion and submitted

20  a Notice of Non-Intervention.  Doc. No. 165.  In response to defendant's motion, the

21  Probation Office submitted a Sentence Reduction Investigation Report concluding that

22  both the Probation Office and the government agree that defendant is not entitled to a

23  reduction of his sentence because defendant already benefited from the reduction to the

24  Sentencing Guidelines.  Doc. No. 164 at 2.  The court proceeds to consider the merits of

25  defendant's motion.

26  Effective November 1, 2014, Amendment 782 revised the Drug Quantity Table and

27  chemical quantity tables across drug and chemical types.  U.S.S.G. § 1B1.10.  More

28  specifically, Amendment 782 amended the Drug Quantity Table in section 2D1.1(c) to

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1    reduce the base offense levels assigned to specified quantities of specified controlled

2    substances by two levels.  *See United States v. Ornelas,* 825 F.3d 548, 553 (9th Cir.

3    2016).  Amendment 782 may be applied retroactively to previously-sentenced

4    defendants, however the court may not order a sentence reduction based on Amendment

5    782 unless the order reducing the defendant's term of imprisonment has an effective date

6    of November 1, 2015 or later.  U.S.S.G. § 1B1.10.  Here, defendant was convicted and

7    sentenced on November 5, 2014, and filed the motion to reduce his sentence on

8    February 19, 2016.

9         Defendant suggests that he did not get the benefit of the amended guidelines

10   because his 84-month sentence exceeded the high end of the amended guideline range

11   by 13 months.  Defendant's contention that the court did not consider Amendment 782 in

12   calculating the guidelines range is contradicted by the record.  The government's

13   sentencing memorandum recognized that Amendment 782 would be in effect at the time

14   of sentencing in this case.  In light of the two-level reduction under Amendment 782, the

15   government calculated defendant's base offense level as 30.  Doc. No. 138 at 4.  The

16   government applied the deductions for acceptance of responsibility and safety-valve,

17   arriving at a total offense level of 25, and recognized that defendant faced a guidelines

18   range of 57 to 71 months imprisonment.  *Id.* at 5.  The government sought an upward

19   variance for a sentence of 84 months imprisonment, citing several § 3553(a) factors.  *Id.*

20   at 5-6.

21        Furthermore, the amended PSR submitted by the Probation Office on November

22   7, 2014, reflected the changes made by Amendment 782.  In the amended PSR, the

23   Probation Office calculated the total offense level at 25 and listed the guideline range as

24   57 to 71 months imprisonment.  Doc. No. 143 at 20.  In response to defendant's motion,

25   the Probation Office submitted a Sentence Reduction Investigation Report on March 28,

26   2016 stating that defendant's guideline range was calculated using the guidelines

27   effective November 1, 2014, which took into account Amendment 782 to the Drug

28   Quantity Table.  Doc. No. 164 at 2.

The Statement of Reasons reflects that the court accounted for the two-level reduction pursuant to Amendment 782 to calculate the guideline range of 57 to 71 months, and weighed the § 3553(a) factors to determine that an upward variance was warranted to sentence defendant to 84 months imprisonment.  As noted by the Probation Office, defendant was a first time offender and had characteristics that could be considered in sentencing him below the advisory guideline imprisonment range of 57 to 71 months, which included the impact that the incarceration will have on his wife and four daughters, his employment history, and the pressure defendant was under to pay his own supplier for the fronted cocaine.  Amended PSR ¶ 86.  The court determined, however, that those mitigating factors were outweighed by other § 3553(a) factors such as the nature and circumstances of the offense, including the fact that defendant was on pretrial release for the first offense when he committed the second offense and the quantity of drugs involved; the seriousness of the offense, promotion of respect for the law, and just punishment for the offense; adequate deterrence; and protecting the public from further crimes of the defendant.

The record reflects that the court considered Amendment 782 at the time of sentencing and that defendant already benefited from the two-level reduction in calculating his guideline range.  The motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of Amendment 782 is therefore DENIED.

**II.     Amendment 794**

By separate letter, defendant inquires whether he is eligible for a minor role adjustment in light of Amendment 794, effective November 1, 2015, which amended the commentary to the minor role guideline, U.S.S.G. § 3B1.2(b).  Doc. no. 166.  Defendant also seeks appointment of counsel to represent him on a § 2255 motion.  *Id.*  As defendant is not entitled to representation on habeas actions, and the interests of justice do not require appointment of counsel here, the request for appointment of counsel is DENIED. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986) (Sixth Amendment right to counsel does not apply in habeas corpus actions).

1    Amendment 794 clarified that, in assessing whether a defendant should receive a

2    minor role adjustment, the court should compare him to the other participants in the

3    crime, rather than to a hypothetical average participant.  *See* U.S.S.G. Suppl. to App. C.,

4    Amend. 794.  Defendant asks whether is eligible for relief under *United States v.*

5    *Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016), where the Ninth Circuit held that

6    Amendment 794 is a "clarifying amendment" that applies retroactively to cases pending

7    on direct appeal, noting that Amendment 794 resolved a circuit split in applying the minor

8    role adjustment and adopted the Seventh and Ninth Circuits' approach to determining a

9    defendant's relative culpability.  However, the Ninth Circuit expressly declined to reach

10   the issue whether Amendment 794 applied retroactively to a defendant who has

11   exhausted his direct appeal and seeks to reopen sentencing proceedings after judgment

12   has become final.  *Id.* at 521 n.1.  That is, *Quintero-Leyva* did not hold that Amendment

13   794 should be applied retroactively on a collateral challenge to a defendant's sentence,

14   such as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

15   Furthermore, Amendment 794 was not given retroactive effect for purposes of a

16   § 3582 motion, as Amendment 794 is not listed among the covered amendments in

17   U.S.S.G. § 1B1.10(d) under the policy statement authorizing the court to reduce a

18   defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2).  Accordingly, the

19   court lacks authority to apply Amendment 794 retroactively to grant relief pursuant to

20   § 3582(c)(2).  *See* U.S.S.G. § 1B1.10, cmt. n.1(A) ("a reduction in the defendant's term of

21   imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this

22   policy statement if [n]one of the amendments listed in subsection (d) is applicable to the

23   defendant").

24   Even if Amendment 794 were given retroactive effect, defendant did not seek a

25   minor role reduction at sentencing and has not demonstrated a factual basis for such an

26   adjustment.  The amended Application Notes to U.S.S.G. § 3B1.2(b) adopted the Ninth

27   Circuit standard comparing the defendant with other actual participants in the crime,

28   rather than a hypothethical average participant.  *Quintero-Leyva*, 823 F.3d at 523.  The

Application Notes to § 3B1.2 were also amended to include a non-exhaustive list of factors to be considered in determining whether to apply a minor role reduction:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; (v) the degree to which the defendant stood to benefit from the criminal activity.

*Quintero-Leyva*, 823 F.3d 519, 523 (citing U.S.S.G. § 3B1.2, cmt. n. 3(C)).  Given defendant's own admissions in the plea agreement that he arranged the delivery of a kilogram of cocaine to the cooperating source on August 28, 2013, and that he provided the cocaine to codefendant Frank Morton, his nephew, and gave him instructions to deliver the package to the CS, the record would not support a finding that defendant was "substantially less culpable than the average participant in the criminal activity" to support a minor role deduction under § 3B1.2(b) and the application notes as amended by Amendment 794.  Finding no cognizable basis to support a motion to reduce sentence in light of Amendment 794, the court declines to construe defendant's inquiry about the "minor role amendment" as a motion to reduce sentence pursuant to § 3582(c)(2).

## CONCLUSION

For the reasons set forth above, the motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) in light of Amendment 782 is DENIED.

**IT IS SO ORDERED.**

Dated: January 12, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge